## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MATTHEW BRYAN VOSBURGH,    :
    :
       Plaintiff,    :
    :
v.    :    Case No. 5:24-cv-439-TES-AGH
    :
TYRONE OLIVER, *et al.*,    :
    :
       Defendants.    :
_____    :

## <u>ORDER AND RECOMMENDATION</u>

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Matthew Bryan Vosburgh, an inmate in the Dooly State Prison in Unadilla, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).   Plaintiff also seeks appointed counsel (ECF No. 2) and leave to proceed *in forma pauperis* ("IFP") (ECF No. 3).   For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but his motion to appoint counsel is **DENIED.**   Plaintiff's claims that Defendants Richardson and Sapp were deliberately indifferent to his serious medical needs at the scene of the car accident on which this Complaint is based shall proceed for further factual development.   It is **RECOMMENDED,** however, that Plaintiff's remaining claims against all remaining Defendants be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

## MOTION FOR APPOINTED COUNSEL

Plaintiff first seeks appointed counsel.   "Appointment of counsel in a civil case is not a constitutional right."   *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

"A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). Exceptional circumstances justifying appointment of counsel exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler*, 899 F.2d at 1096. "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Plaintiff's case does not present exceptional circumstances. Plaintiff set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.[1]

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff also seeks leave to proceed without prepayment of the filing fee

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions indicate that he cannot pay the filing fee. His application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.     Directions to Plaintiff's Custodian

Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to

Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.    Standard of Review

Courts must conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28

4

U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. *Pro se* pleadings are held "to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally construed." *Danglar v. Dep't of Corr.*, 50 F.4th 54, 56 n.4 (11th Cir. 2022) (quoting *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015)). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations

Plaintiff's claims arise from a car accident that occurred while he was an inmate at Macon State Prison ("MSP"). Compl. 5, ECF No. 1. On September 19, 2022, two officers with the Georgia Department of Corrections ("GDC")—Defendants Don Richardson and Cambria Sapp—placed Plaintiff in a GDC van for transportation from MSP to an unspecified location. *Id.* Plaintiff was "fully handcuffed, with a belt chain, to waist to leg cuffs," but he was not buckled in with a seatbelt. *Id.* While they were traveling through Americus, Georgia, Defendant Brandon Covin rear-ended the van "at 30 mph to 45 mph." *Id.* Plaintiff "was thrown into an unprotected steel metal prisoner cage . . . headfirst," bounced off the cage, and struck his head again on the bars covering the windows. *Id.* Four minutes after the collision, Plaintiff had a grand mal seizure. *Id.* He experienced several more in the back of the van and while being moved from the van to an ambulance. *Id.* In

addition, Plaintiff's pupils were markedly different sizes.    Compl. 6.    The EMTs on the scene told Defendants Richardson and Sapp that Plaintiff "needed to be Life Flighted now due to head trauma," but they refused.    *Id.*    Plaintiff was instead transported by ambulance to Phoebe Putney hospital for medical treatment.    *Id.* at 5, 7.

Plaintiff states he was treated poorly at the hospital due to his status as an inmate.    Compl. 7.    In addition to his head injury, he contends he suffered a broken jaw in the accident "that went untreated by ER at time of crash and ever since then by prison medical" staff at MSP and Dooly State Prison.    *Id.* at 8.    He further states he still suffers from panic attacks; "very bad headaches with blurry vision;" nausea; ringing in his ears; back and neck pain; numbness in his jaw, lip, feet, and hands; and grand mal seizures, among other things.    *Id.* at 7-8.    At least one medical professional also told Plaintiff he would likely "becom[e] 100% disabled" if [he] don't have back surgery[.]"    *Id.* at 8.    Plaintiff contends Defendants' action and inaction with respect to the car accident and his subsequent treatment violated his constitutional rights, and as a result he primarily seeks monetary damages.    *Id.* at 10.

## III.    **Plaintiff's Claims**

### A.    <u>Claims against Defendant Covin</u>

As a preliminary matter, Plaintiff's § 1983 claims against Defendant Covin must be dismissed without prejudice.    In order to state a viable § 1983 claim, a plaintiff must allege that the deprivation of his rights was caused by a person who

was acting under color of state law. *Hale*, 50 F.3d at 1582. A private citizen "may be viewed as a state actor under § 1983 '[o]nly in rare circumstances.'" *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (per curiam) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). The Eleventh Circuit uses three tests to determine whether a private citizen acts under color of state law for § 1983 purposes:

> (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.

*Id.* at 54 (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)). "A private party may also be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights." *Id.*

In this case, Plaintiff does not allege any facts that could possibly suggest that Defendant Covin was a state actor when he struck the GDC van in which Plaintiff was riding. As such, Plaintiff has failed to state a § 1983 claim against this Defendant, and any such claims Plaintiff seeks to raise in this case should be dismissed without prejudice.[2]

---

[2] Plaintiff does not appear to have raised any state law claims in this action against any of the named Defendants.

8

B.    Eighth Amendment Claims against Defendants Richardson and Sapp
      Regarding Conditions of Van Ride

Plaintiff contends Defendants Richardson and Sapp violated his constitutional rights when they failed to buckle him into his seatbelt, causing him to be injured when another driver rear-ended them.    These claims arise under the Eighth Amendment, which governs the conditions under which a convicted prisoner is confined.    A convicted prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief.    *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).    A conditions-of-confinement claim has "*both* objective *and* subjective components."    *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023).    To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently serious or extreme so as to constitute a denial of the "minimal civilized measure of life's necessities."    *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).    This standard is only met when the challenged condition "pose[s] an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (alteration in original) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk[.]" *Helling v. McKinney*, 509 U.S. 25, 36 (1993).    To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference to a serious risk of

9

harm to the prisoner.    *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331.

In this case, Plaintiff merely alleges that Defendants Richardson and Sapp failed to buckle Plaintiff's seatbelt.[3]  This allegation, standing alone, is not "serious" or "extreme" enough to establish a constitutional violation.  *See, e.g., Smith v. Sec'y, Dep't of Corr.*, 252 F. App'x 301, 302, 304 (11th Cir. 2007) (inmate did not allege facts sufficient to support objective component of Eighth Amendment claim when prison officials failed to fasten inmate's seatbelt in "converted utility van" and inmate was "thrown around within the van," aggravating a hip injury); *see also Jabbar v. Fischer*, 683 F.3d 54, 56 (2d Cir. 2012) ("We hold that the failure of prison officials to provide seatbelts to prison inmates does not, standing alone, violate the Eighth or Fourteenth Amendments."); *Cooks v. Crain*, 327 F. App'x 493, 494 (5th Cir. 2009) (affirming dismissal as frivolous of prisoner case "claiming that being transported in vehicles that lacked seatbelts was so unsafe as to violate his constitutional rights"); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (holding that transporting pretrial detainees in "patrol wagons without safety restraints" did not pose objectively serious risk of harm sufficient to state deliberate indifference claim). These claims should therefore be dismissed without prejudice.

---

[3]  Plaintiff does not allege that either Defendant was responsible for causing the accident itself.   But even if he did, such an allegation—standing alone—would likely not state a claim.   A state actor who negligently causes an automobile accident cannot be held liable under 42 U.S.C. § 1983 for the injuries suffered by other parties involved in the accident.   *See, e.g., Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986) (holding that "a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right").

C.    Eighth Amendment Claims against Richardson and Sapp Regarding
      Failure to Provide Adequate Medical Treatment

Plaintiff also alleges that Defendants Richardson and Sapp failed to provide

him with adequate medical treatment immediately after the accident.[4]   A prisoner

who demonstrates that a prison official was deliberately indifferent to his serious

medical needs can state a constitutional claim.   *See Farrow v. West*, 320 F.3d 1235,

1243 (11th Cir. 2003).   To do so, a plaintiff must allege facts sufficient to establish:

"(1) a serious medical need; (2) the defendants' deliberate indifference to that need;

and (3) causation between that indifference and the plaintiff's injury."   *Mann v.*

*Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious

medical need," which is "one that has been diagnosed by a physician as mandating

treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention."   *Farrow*, 320 F.3d at 1243 (internal quotation

marks omitted).   A serious medical need can also arise if "a delay in treating the

need worsens the condition."   *Mann,* 588 F.3d at 1307.   "In either case, 'the medical

need must be one that, if left unattended, poses a substantial risk of serious harm.'"

*Id.* (quoting *Farrow*, 320 F.3d at 1243).

---

[4]   While Plaintiff also mentions he was "treated . . . badly" at the emergency room and upon his return
to prison, Compl. 7, he has not pleaded any facts associating any individual at those facilities with a
violation of his constitutional rights.   To the extent Plaintiff intended to assert claims about this
treatment, he has therefore failed to do so, and any such claims should also be dismissed.   *Douglas v.*
*Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff
failed to allege facts associating defendants with a particular constitutional violation).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer*, 411 U.S. at 839). Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (alterations in original)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

In this case, Plaintiff alleges that two EMTs told Defendants Richardson and Sapp that Plaintiff should be life-flighted to a hospital due to the nature of his head trauma. Compl. 6. Apparently, these Defendants declined this recommendation because Plaintiff was "not their inmate," and Plaintiff was transported by ambulance to the hospital instead. *Id.*[5] Plaintiff also alleges that his pupils were markedly different sizes, he had multiple grand mal seizures at the scene of the collision, and he is currently suffering from significant symptoms that suggest that his injuries were severe. *Id.* at 6, 8. When these allegations are construed liberally, as they must be at this early stage, they at least infer that Defendants Richardson and Sapp were deliberately indifferent to Plaintiff's serious medical needs. *See, e.g., Wilson v. Pamunkey Reg. Jail Auth.*, No. 3:23cv89, 2024 WL 4122033, at *9 (E.D. Va. Sept. 6, 2024) (denying motion to dismiss § 1983 claim because allegations raised inference of deliberate indifference where doctor told officer to transport inmate "by emergency ambulance because 'time was of the essence[,]'" but officer instead transported inmate by patrol car). These claims shall therefore proceed for further factual development.

D.   Claims against Defendant Oliver

Plaintiff has also named GDC Commissioner Tyrone Oliver as a Defendant in this action. Compl. 4. Because Plaintiff has not described any action Defendant Oliver personally took with respect to the incidents described in the Complaint, it appears Plaintiff is attempting to hold Defendant Oliver liable in his supervisory

---

[5] It appears Defendants Richardson and Sapp worked for Lee State Prison, a different facility than the one in which Plaintiff was housed at the time of the accident. Compl. 4.

capacity.   It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.   *See, e.g., Christmas*, 76 F.4th at 1330; *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).   Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation.   *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).   A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* (internal quotation marks omitted).   "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."   *Id.* (quoting *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010)).

Plaintiff fails to meet this rigorous standard in this case.   He has not pleaded any facts establishing a history of similar issues or that Defendant Oliver maintained any improper customs or policies.   *See Piazza v. Jefferson Cnty.*, 923 F.3d 947, 958 (11th Cir. 2019) (prisoner failed to state supervisory liability claim where he failed to "point to other instances" of unconstitutional conduct or allege any facts concerning the policies or customs that led to constitutional violations).   Plaintiff also fails to

14

allege any facts that would indicate that Defendant Oliver directed his subordinates to act unlawfully or knew they were doing so and failed to correct their behavior. Plaintiff thus fails to state a supervisory liability claim against Defendant Oliver, and all such claims should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, but his motion for appointed counsel (ECF No. 2) is **DENIED**. Plaintiff's claims that Defendants Richardson and Sapp were deliberately indifferent to his serious medical needs shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's remaining claims against all remaining Defendants be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.

*See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having now found that Plaintiff has made colorable constitutional violation claims against Defendants Richardson and Sapp, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. All Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

16

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the**

**dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed

these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED** this 7th day of February, 2025.

  s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE