# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MATTHEW BRYAN VOSBURGH, *Plaintiff*, v. TYRONE OLIVER, *et al.*, *Defendants.* | CIVIL ACTION NO. 5:24-cv-00439-TES-AGH |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 36] regarding Defendants Don Richardson and Cambria Sapp's dismissal efforts for Plaintiff Matthew Bryan Vosburgh's claims asserted against them. [Doc. 12]; [Doc. 31].

Plaintiff did not file an objection to the Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff did, however, file a Recast Complaint [Doc. 37] ostensibly based on the Magistrate Judge's ruling that granted "Plaintiff's motion to add to his complaint (ECF No. 33) . . . ." [Doc. 36, p. 3 n.3]. That ruling, though, "granted" Plaintiff's "Motion to Add to Complaint & Response to the Alleged Failure to Exhaust Available Administrative Remedies" (hereinafter the "Granted Amendment") [Doc. 33] signed by Plaintiff on October 24, 2025, and filed on November 3, 2025. *See* [*id.*]; [Doc. 33, p. 2]. Once granted, the Magistrate Judge considered the contents of the Granted Amendment

*before* she made her Recommendation. The Magistrate Judge's ruling, however, did not, as Plaintiff thinks, give him a *further* or *additional* opportunity to amend his Complaint [Doc. 1]. In making her Recommendation, the Magistrate Judge considered Plaintiff's allegations from his Complaint—the operative pleading in this case—as well as his allegations from the Granted Amendment. *See* [Doc. 33]. Any efforts to further amend at this stage must comply with Federal Rule of Civil Procedure 15(a).

Of course, courts are obligated to liberally construe pro se pleadings, but pro se litigants must still adhere to and follow procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[A] pro se IFP litigant . . . is subject to the relevant law and rules of court[.]"). Thus, despite his pro se status, Plaintiff is still required to comply with Rule 15(a). *See James v. Hunt*, 761 F. App'x 975, 978 (11th Cir. 2018) (citing *Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (stating that pro se litigants must comply with procedural rules)).

Under Rule 15(a)(1), a plaintiff may amend his complaint once as a matter of course within 21 days after serving it, or within 21 days after service of a motion under Federal Rule of Civil Procedure 12(b). Since neither of those routes are available for Plaintiff at this stage, he must either obtain written consent from his opposing parties or seek leave of court to amend. Fed. R. Civ. P. 15(a)(2). Plaintiff, however, did not seek leave of court nor is there any indication that the opposing parties gave their written consent for his Recast Complaint. *See James*, 761 F. App'x at 978 ("Further, the record

shows the [p]laintiffs never asked for, nor received, the [d]efendants' written consent or the court's leave to file an amended complaint, such that they were not permitted to file the amended complaint."). Since Plaintiff filed his Recast Complaint in violation of Rule 15(a), the Court **STRIKES** it from the record. *See* Fed. R. Civ. P. 12(f).

With no objection to the United States Magistrate Judge's Recommendation, the Court, having reviewed it for clear error, **ADOPTS** it and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C § 636(b)(1)(A). The Court **GRANTS** Defendant Don Richardson's Motion to Dismiss [Doc. 12] and Defendant Cambria Sapp's Motion to Dismiss [Doc. 31]. Lastly, pursuant to Federal Rules of Civil Procedure 12(f), the Court **DIRECTS** the Clerk of Court to **STRIKE** Plaintiff's Recast Complaint as violative of Rule 15(a). There being no remaining issues or parties in this case, the Court **FURTHER DIRECTS** the Clerk of Court to **ENTER** Judgment accordingly.

**SO ORDERED**, this 9th day of January, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**
